# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00020-CV
NO. 03-06-00021-CV
NO. 03-06-00022-CV

**Odis Queen, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. D-1-DC-05-900436, D-1-DC-05-904119, D-1-DC-04-302748,
HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## O P I N I O N

Appellant Odis Queen was indicted under three cause numbers for three counts of indecency with a child by contact and one count of aggravated sexual assault of a child. Queen's attorney requested a psychological evaluation, arguing that Queen might be incompetent to stand trial. Dr. Richard Coons and Dr. George Parker evaluated Queen and both determined that he was mentally retarded and incompetent to stand trial and would not regain competency in the future.

On December 29, 2005, the trial court held a hearing at which it considered the doctors's reports and determined that Queen was incompetent to stand trial. The trial court then proceeded to determine whether Queen should be released on bail or committed. *See* Tex. Code Crim. Proc. Ann. arts. 46B.071-.072 (West Supp. 2005). After considering the doctors' reports and Dr. Parker's testimony, the trial court found that Queen posed a danger to the community and refused

to release him on bail, instead committing him to a residential care facility or mental health facility for 120 days for further examination; the court stated that at the end of that time period, "if we have to look at this issue again, we will definitely take up what we need to do with Mr. Queen because this case has got to end at some point."

In two points of error, Queen appeals the trial court's order of commitment, arguing that (1) there was no competent evidence to support a finding that he would be a danger to others if released on bail, and (2) the application of article 46B.073 to commit him to a mental health facility, rather than releasing him on bail, violated his rights to due process and equal protection. *See* U.S. Const. art. IV, § 1. The State argues that the appeal should be dismissed because it is an unauthorized interlocutory appeal. Because we agree that we lack jurisdiction, we dismiss.

To fully understand the jurisdictional issue presented here, it is necessary to explain the statutes governing the determination of a criminal defendant's competency stand to trial and a trial court's power to commit an incompetent defendant to a mental health facility. *See* Tex. Code Crim. Proc. Ann. arts. 46B.001-.172 (West Supp. 2005) ("Incompetency to Stand Trial"). Chapter 46B of the code of criminal procedure governs competency determinations in criminal proceedings and is divided into seven subchapters; the subchapters relevant to this appeal are subchapter A, titled "General Provisions," subchapter B, titled "Examination," subchapter C, titled "Incompetency Trial," and subchapter D, titled "Procedures After Determination of Incompetency."[1] *Id*. §§ 46B.001-.086.

---

[1] Chapter 46B also includes subchapters E, titled "Civil Commitment: Charges Pending," F, titled "Civil Commitment: Charges Dismissed," and G, titled "Provisions Applicable to Subchapters E and F." *See* Tex. Code Crim. Proc. Ann. arts. 46B.101-.171 (West Supp. 2005).

If a trial court decides after informal inquiry that there is evidence to support a finding that a criminal defendant is incompetent to stand trial, the court must order an examination under subchapter B to determine whether the defendant is competent to stand trial. *Id*. art. 46B.005(a), (b). Articles 46B.005 and 46B.054 provide that if incompetence is not contested and is shown by the evidence, a trial is unnecessary and instead the trial court is to proceed as if a jury had found the defendant incompetent to stand trial. *Id*. arts. 46B.005(c), .054.[2] Neither the defendant nor the State may take an interlocutory appeal from the trial court's determination under article 46B.005. *Id*. art. 46B.011.[3] Once a defendant is determined to be incompetent, the trial court "shall proceed under Subchapter D." *Id*. art. 46B.055.

Under subchapter D, once a defendant is found to be incompetent, the trial court must either commit the defendant under article 46B.073 or release him under article 46B.073. *Id*. art. 46B.071. If the trial court determines that the defendant is not dangerous and may be treated on an outpatient basis "for the purposes of attaining competency to stand trial," the trial court has the

---

[2] Under article 46B.005, a trial court must hold a trial to determine competency unless neither party's counsel requests a trial or opposes a finding of incompetency and the trial court does not determine on its own motion that a competency trial is necessary. Tex. Code Crim. Proc. Ann. art. 46B.005(c) (West Supp. 2005). If there is supporting evidence and the court and counsel for both parties agree that the defendant is incompetent to stand trial, the court shall proceed "as if a jury . . . had found the defendant incompetent." *Id*. art. 46B.054 (West Supp. 2005).

[3] In 2005, the legislature amended article 46B.011 to read, "Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a *determination or ruling* under Article 46B.005." Tex. Code Crim. Proc. Ann. art. 46B.011 (West Supp. 2005) (emphasis added); *see* Act of May 23, 2005, 79th Leg., R.S., ch. 324, § 1, 2005 Tex. Gen. Laws 948, 949. Before amendment, the statute provided that "[n]either the state nor the defendant is entitled to make an interlocutory appeal relating to a *determination of incompetency* under Article 46B.005." *See id*., 2005 Tex. Gen. Laws at 949 (emphasis added). The amendment does not apply to this appeal, but because the amendment does not affect the substance of this appeal, we will cite to the current version of the statute for convenience.

3

discretion to release the defendant on bail. *Id*. art. 46B.072 ("the court *may* release the defendant on bail" (emphasis added)). If a defendant is not released on bail, the trial court "shall commit" him to a mental health or residential care facility for up to 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial." *Id*. art. 46B.073(a), (b). A trial court may commit a defendant under subchapter D only on competent medical or psychiatric testimony or an expert's report. *Id*. art. 46B.074. After the commitment period has run, the defendant is returned to the committing court, which is to make a new determination regarding the defendant's competency to stand trial; if the defendant is again found incompetent and charges are not dismissed, "the court shall proceed under Subchapter E." *Id*. art. 46B.084(a), (e). If the defendant is mentally retarded, commitment proceedings under subchapter E are governed by title 7, subtitle D of the Health and Safety Code.[4] *Id*. art. 46B.103(a), (b). "[A]ppeals from criminal court proceedings are to the court of appeals as in the proceedings for court-ordered inpatient mental health services under Subtitle C, Title 7, Health and Safety Code, or for commitment to a residential care facility under Subtitle D, Title 7, Health and Safety Code." *Id*. art. 46B.103(d)(3); *see* Tex. Health

---

[4] Under the code of criminal procedure, persons with mental retardation and persons with mental illness are governed by the same provisions until after a temporary commitment and re-examination under subchapter D; if a defendant is determined to be incompetent after a subchapter D commitment, further proceedings are governed by article 46B.102 if he is mentally ill or article 46B.103 if he is mentally retarded. *See* Tex. Code Crim. Proc. Ann. arts. 46B.102, .103 (West Supp. 2005). The commitment of a person who is incompetent due to mental illness is governed by title 7, subtitle C of the health and safety code, the "Texas Mental Health Code." *Id*. art. 46B.102(b); *see* Tex. Health & Safety Code Ann. §§ 571.001-578.008 (West 2003 & Supp. 2005). The commitment of a person who is incompetent due to mental retardation is governed by title 7, subtitle D, the "Persons with Mental Retardation Act." Tex. Code Crim. Proc. Ann. art. 46B.103(b); *see* Tex. Health & Safety Code Ann. §§ 591.001-597.054 (West 2003 & Supp. 2005). Queen is incompetent due to mental retardation and thus is governed by article 46B.103 of the code of criminal procedure and title 7, subtitle D of the health and safety code.

& Safety Code Ann. §§ 571.001-578.008 (Subtitle C, "Texas Mental Health Code"), §§ 591.001-597.054 (Subtitle D, "Persons with Mental Retardation Act") (West 2003 & Supp. 2005).

Article 46B.011 of the code of criminal procedure provides that a defendant may not take an interlocutory appeal "relating to" a competency determination under article 46B.005, and the State contends that we therefore lack jurisdiction over this appeal. *See* Tex. Code Crim. Proc. Ann. art. 46B.011. Queen argues that we have jurisdiction under section 574.070 of the health and safety code, which explains where and when notice of appeal from "an order requiring court-ordered mental health services" must be filed.[5] *See* Tex. Health & Safety Code Ann. § 574.070 (West 2003). However, the provisions of title 7, subtitles C and D, of the health and safety code, including their provisions related to appeal, do not apply after a defendant has been initially determined to be incompetent under chapter 46B, subchapters B and C, released on bail or committed for further examination and treatment in hopes of attaining competency, returned to court and found incompetent under article 46B.084(a), and then committed under subchapter E. *See* Tex. Code Crim.

---

[5] One of our sister courts of appeals has held that section 574.070 "explicitly provides for an interlocutory appeal from an order requiring court-ordered mental health services." *In re Evans*, 130 S.W.3d 472, 479 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). However, section 574.070 is included in subtitle C, which governs persons who are incompetent due to mental illness, while subtitle D governs persons who are incompetent due to mental retardation and includes a provision that a "party to a commitment proceeding has the right to appeal the judgment to the appropriate court of appeals." *See* Tex. Health & Safety Code Ann. § 593.056(a) (West 2003).

Article 46B.103(d)(3) provides that a defendant may appeal from proceedings involving court-ordered inpatient mental health services under subtitle C, but in this case, Queen was found incompetent due to mental retardation and was ordered "committed" to a "mental health facility or residential care facility." Thus, further commitment proceedings will be governed by subtitle D, not subchapter C. Tex. Code Crim. Proc. Ann. art. 46B.103(b). Therefore, if this order had been entered pursuant to subchapter E of the code of criminal procedure, it appears that Queen's right to appeal would have been governed by section 593.056, not section 574.070.

Proc. Ann. arts. 46B.005, .054, .055, .071, .072, .073, .084, .102, .103 (West Supp. 2005). Although subtitles C and D allow for appeals from orders of commitment or court-ordered mental health services, those provisions apply only to orders entered pursuant to subchapter E.

The legislature has set out a very specific process by which the competency of a criminal defendant to stand trial is determined. That process hinges on a determination of competency or incompetency made under article 46B.005, and the legislature has explicitly barred any appeal from such a determination. *See id*. art. 46B.011. The legislature has provided further explicit directions allowing for appeals from orders of commitment made under subchapter E, which come after an initial, informal determination that the defendant may lack competency to stand trial, a formal trial or determination of incompetency, commitment or release on bail and re-evaluation under subchapter D. *See id*. arts. 46B.102(b), .103(b), (d)(3); Tex. Health & Safety Code Ann. §§ 574.070, 593.056. The legislature has not, however, provided for appeal, interlocutory or otherwise, from a temporary commitment under subchapter D, which is preliminary to a more permanent commitment under subchapter E. The provisions of the health and safety code which allow for appeals from orders of commitment or in-patient mental health services are not applicable to criminal defendants until a subchapter E proceeding has occurred. *See* Tex. Code Crim. Proc. Ann. arts. 46B.102(b), .103(b), (d)(3). By the absence of any similar provisions allowing for appeal and the legislature's explicit bar of appeals from a determination under article 46B.005, a determination that is an essential part of the competency process and that starts the process of evaluation and commitment, we conclude that the legislature did not intend to allow interlocutory appeals from

orders of temporary commitment made after a determination of incompetence but before a subchapter E proceeding.

Here, the trial court determined that Queen was incompetent, and no one disputed that fact. Therefore, the trial court was required to proceed under subchapter D to determine whether to release Queen on bail or commit him for further evaluation and treatment. *See id*. art. 46B.005(c), .054, .055, .071, .073. Queen is attempting to appeal from a subchapter D temporary commitment order entered following the court's initial finding of incompetence under article 46B.005 and pursuant to article 46B.055 and 46B.071. We have held that the legislature did not provide for an interlocutory appeal from an order of temporary commitment pending re-evaluation and further proceedings pursuant to subchapter E. Therefore, we lack jurisdiction over this interlocutory appeal. *See Glover v. State*, 2005 Tex. App. LEXIS 5108, *1 (Tex. App.—Tyler June 30, 2005, no pet.) (memo. op.) (defendant attempted to appeal from "order for extended mental health commitment," and court, citing article 46B.011, dismissed for want of jurisdiction because "the order he complains of is not appealable").

We recognize that Queen raises complaints of constitutional dimension, complaints that cannot be disregarded lightly. However, Queen or others in his position are not without remedy. Under these circumstances, claims such as Queen's would seem more properly brought by way of a petition for writ of habeas corpus.[6] *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005) (writ

---

[6] We note that a standard appeal, even under an expedited and accelerated schedule, will not necessarily allow relief from the kind of commitment of which Queen complains, a commitment which can be only as long as 120 days. *See* Tex. Code Crim. Proc. Ann. art. 46B.073(a), (b); Tex. R. App. P. 26.1(b), 35.1(b), 38.6(a), 39.9 (in accelerated appeal, notice of appeal must be filed within

7

of habeas corpus is "remedy to be used when any person is restrained in his liberty"). A writ of habeas corpus is an extraordinary remedy, available only when there is no other adequate remedy at law, and not to be used as a substitute for appeal. *Ex parte Alt*, 958 S.W.2d 948, 951 (Tex. App.—Austin 1998, no pet.). However, Queen has not brought his constitutional claims as if he were seeking relief through habeas corpus, and even if we could interpret his claims as seeking extraordinary relief, we lack original jurisdiction over petitions for writ of habeas corpus, which must be brought in the court of criminal appeals, district courts, or county courts. *See* Tex. Code Crim. Proc. Ann. art. 11.05 (West 2005).

Because we lack jurisdiction over this interlocutory appeal, we dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed: August 11, 2006

_____

twenty days of judgment, record within ten days of notice of appeal, and appellant's brief within twenty days of date record is filed, and clerk must provide at least twenty-one days notice of date case is set for submission).