# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00769-CR
## NO. 03-08-00770-CR
## NO. 03-08-00771-CR

**Derrick Wayne McDonald, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63163, 63164, 63165, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## NO. 03-09-00011-CV
## NO. 03-09-00060-CV

**In re Derrick W. McDonald**

### ORIGINAL PROCEEDINGS FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Appellant Derrick Wayne McDonald has filed notices of appeal from the trial court's orders finding him incompetent to stand trial and temporarily committing him to a mental-health facility (cause numbers 03-06-00769-CR, 03-06-00770-CR, and 03-06-00771-CR); an original petition for writ of habeas corpus complaining that the trial court and magistrate set unreasonable and excessive bond amounts (cause number 03-09-00011-CV); and a petition for writ of mandamus asking us to compel the trial court to rule on his petitions for writs of habeas corpus filed there, also complaining about bond amounts (cause number 03-09-00060-CV).

We dismiss McDonald's appeals and original petition for writ of habeas corpus and deny his petition for writ of mandamus.

McDonald was arrested in April 2008 and indicted in June 2008, charged with two counts of aggravated robbery and one count of evading arrest. It appears that he has been confined continually since his arrest. In August 2008, McDonald's attorney requested a psychological evaluation, suggesting that McDonald might be incompetent to stand trial.[1] The trial court ordered an expert examination of McDonald's competency. On November 5, 2008, the trial court signed an order reciting that "[a]fter hearing the testimony of witnesses and considering the evidence presented,"[2] it found McDonald incompetent to stand trial. The trial court found that McDonald was a danger to others and public safety and ordered him committed to a mental-health facility for no more than 120 days. *See* Tex. Code Crim. Proc. Ann. art. 46B.073(b) (West Supp. 2008). The court ordered that at the end of the initial commitment period, McDonald should be returned to court for further determination of his competency. *See id*. arts. 46B.081, .084 (West Supp. 2008).

McDonald appealed pro se from the trial court's commitment order. His appointed attorney has filed a letter stating that the appeals were not authorized by counsel and asking us to

---

[1] McDonald has filed a request in the trial court asking that his attorney be removed from the case and new counsel appointed. This is McDonald's second such request, and current counsel is McDonald's second appointed attorney.

[2] Despite this notation in the order, however, according to the trial court's court reporter, no hearing was held on McDonald's attorney's motion to evaluate McDonald's competency. The appellate record consists solely of the clerk's record. A trial court may determine incompetency without a trial if "neither party's counsel requests a trial," "neither party's counsel opposes a finding of incompetency," and the court does not determine that a trial is necessary. Tex. Code Crim. Proc. Ann. art. 46B.005 (West 2006). This is apparently what occurred in this case, despite the statement to the contrary in the court's order.

dismiss them. McDonald complains that the trial court made an initial determination under article 46B.005 without holding a trial, despite McDonald's request for one; McDonald's attorney did not allow McDonald or his family to be heard on the issue of incompetency; and the court's finding that he was a danger to himself and others was unsupported by evidence. Because we lack jurisdiction over these appeals, we must dismiss.

A defendant may not take an interlocutory appeal from a competency determination under article 46B.005. *Id*. art. 46B.011 (West 2006) ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State*, 212 S.W.3d 619, 622 (Tex. App.—Austin 2006, no pet.). Not until a defendant has been committed under subchapter E may he appeal under the health and safety code's appeal provision. *See* Tex. Code Crim. Proc. Ann. art. 46B.102(d)(3) (West Supp. 2008) (appeals from criminal court proceedings "are to the court of appeals as in the proceedings for court-ordered inpatient mental health services under Subtitle C, Title 7, Health and Safety Code"); Tex. Health & Safety Code Ann. § 574.070 (West 2001); *see also Queen*, 212 S.W.3d at 620-23 (explaining competency procedures and stating that legislature has not provided for appeal from temporary commitment under subchapter D, following incompetency determination under article 46B.005); *Glover v. State*, No. 12-05-00189-CR, 2005 Tex. App. LEXIS 5108, at *1 (Tex. App.—Tyler June 30, 2005, no pet.) (mem. op.) (appeal from extended commitment order dismissed for want of jurisdiction).

As we observed in *Queen*, constitutional complaints related to incompetency and commitments may be raised through a habeas proceeding. 212 S.W.3d at 623; *see* Tex. Code Crim.

Proc. Ann. art. 11.01 (West 2005) (writ of habeas corpus is "remedy to be used when any person is restrained in his liberty"). However, we lack original jurisdiction over petitions for writ of habeas corpus in criminal cases. *See* Tex. Code Crim. Proc. Ann. art. 11.05 (West 2005); Tex. Gov't Code Ann. § 22.221(a) (West 2004); *Queen*, 212 S.W.3d at 623. For that reason, we must dismiss McDonald's original petition for writ of habeas corpus for want of jurisdiction.

Finally, in his petition for writ of mandamus, McDonald complains about the trial court's failure to act on his petitions for writs of habeas corpus that attack the bond amounts imposed for the charges against him. However, he has not provided any record related to his petitions in the trial court or showing that the trial court has abused its discretion in any way. *See In re Southwestern Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) ("Mandamus relief is an extraordinary remedy that issues only if the court clearly abused its discretion and the relator has no adequate remedy by appeal."). We therefore deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: March 24, 2009

Do Not Publish

4