

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00325-CR

DONNIE EUGENE MILLS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
## TRIAL COURT NO. F-2013-0382-E

----------

## MEMORANDUM OPINION[1]

----------

Appellant Donnie Eugene Mills attempts to appeal from the trial court's order granting the State's motion to compel medication. *See* Tex. Code Crim. Proc. Ann. art. 46B.086 (West Supp. 2014). We dismiss the appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

Mills was found incompetent to stand trial on May 2, 2013, and began competency restoration treatment. *See id.* arts. 46B.005, 46B.055 (West 2006), art. 46B.073 (West Supp. 2014). A probate court subsequently determined that Mills did not meet the criteria for court-ordered administration of psychoactive medications under the health and safety code. *See* Tex. Health & Safety Code Ann. § 574.106 (West 2010), § 592.156 (West Supp. 2014); *see also* Tex. Code Crim. Proc. Ann. art. 46B.086(a)(4). On June 9, 2014, the State filed a motion to compel medication, averring that Mills required antipsychotics and mood stabilizers to regain competency and that he was refusing the medications, which were required by his continuity-of-care plan. *See* Tex. Code Crim. Proc. Ann. art. 46B.086(a)(3). The trial court heard the testimony of two physicians and on July 8, 2014, found by clear and convincing evidence that the prescribed medications were medically appropriate, the State had a clear and compelling interest in Mills obtaining competency to stand trial, no other less intrusive means would be effective, and the prescribed medications would not unduly prejudice Mills. *See id.* art. 46B.086(e).

On August 14, 2014, Mills filed a notice of appeal and a "writ of habeas corpus" in this court, attacking the trial court's July 8, 2014 order. We (1) notified Mills that we believed we did not have jurisdiction over his appeal because there was no appealable order and because his notice of appeal was untimely and (2) gave him an opportunity to respond showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Mills responded, asserting that a physician had

2

previously determined in November 2013 that he was competent,[2] and attached a copy of the trial court's July 8, 2014 order.

Article 46B.011 provides that a defendant may not take an interlocutory appeal "relating to" a competency determination under article 46B.005. Tex. Code Crim. Proc. Ann. art. 46B.011 (West 2006). The trial court's July 8, 2014 order entered under article 46B.086 was an order relating to a competency determination under article 46B.005 and, thus, was not subject to immediate appeal.[3] *See Queen v. State*, 212 S.W.3d 619, 622–23 (Tex. App.—Austin 2006, no pet.) (holding appeal may be had from orders entered under subchapter E, i.e., articles 46B.101–.117, not from orders entered under subchapter D, i.e., articles 46B.071–.090). Likewise, we do not have jurisdiction over Mills's request for original habeas-corpus relief. *See id.* at 623. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 6, 2014

---

[2]The report actually showed that the examining physician concluded Mills was not competent.

[3]Even if the trial court's order was subject to an immediate appeal, Mills's notice of appeal was untimely. *See* Tex. Health & Safety Code Ann. § 574.070(b) (West 2010); Tex. R. App. P. 26.2(a)(1).

3