

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00304-CR

JUAN NEPOMUCENO RODRIGUEZ            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 1324633D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Juan Nepomuceno Rodriguez attempts to appeal the trial court's order finding him incompetent to stand trial and committing him to a maximum security unit of a state mental health facility. *See* Tex. Code Crim. Proc. Ann. art. 46B.005 (West 2006), art. 46B.073(c) (West Supp. 2014). According to his notice of appeal, Rodriguez is not appealing the trial court's incompetency finding

---

[1]*See* Tex. R. App. P. 47.4.

but is appealing his placement in a maximum security unit of a state mental health facility; whether following his competency evaluation, his bond should have been held insufficient prior to the competency hearing; and whether he should have been enrolled in a competency restoration program pursuant to article 46B.072 as recommended by the mental health professional who performed the psychological evaluation on him and testified at his competency hearing in the trial court. *See id.* arts. 46B.071(a), 46B.072, 46B.073(c) (West Supp. 2014).

On September 15, 2015, we notified Rodriguez of our concern that we lack jurisdiction over this appeal because the trial court had not entered any appealable orders, noting that we generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We informed Rodriguez that the appeal would be dismissed unless he or any party desiring to continue the appeal filed a response showing grounds to continue the appeal. Rodriguez's appellate counsel filed a response stating that her "diligent investigation regarding [grounds for appellate jurisdiction] has revealed that there are no orders entered by the trial court which are eligible for interlocutory appeal" and that in her "professional opinion, there are no grounds at this time to support a direct appeal in this matter."

Article 46B.011 provides that a defendant may not "make an interlocutory appeal relating to a determination or ruling under Article 46B.005." Tex. Code

Crim. Proc. Ann. art. 46B.011 (West 2006). The order Rodriguez is attempting to appeal relates to a determination or ruling under article 46B.005 and, thus, is not subject to immediate appeal. *See id.*; *see also Queen v. State*, 212 S.W.3d 619, 622 (Tex. App.—Austin 2006, no pet.) (stating interlocutory appeal may not be had from orders entered under chapter 46B, subchapter D, i.e., articles 46B.071–.090, of the code of criminal procedure). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 12, 2015