**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00243-CR

_____

## MARIKI EARL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-DCR-071766**

---

## MEMORANDUM OPINION

Appellant, Mariki Earl, has been indicted for the felony offense of aggravated assault with a deadly weapon. Appellant attempted to file a *pro se* notice of appeal of the interlocutory order of commitment for restoration to competency, signed by the trial court on March 3, 2016, finding that appellant is presently not competent to stand trial. The appellee, the State of Texas, has filed a motion to dismiss this appeal

for lack of jurisdiction. More than ten days has passed and, while he has filed several *pro se* motions in this Court seeking, among other things, the appointment of appellate counsel, appellant has not filed a response to the State's motion. *See* TEX. R. APP. P. 10.3(a). We agree with the State, grant its motion and dismiss this appeal for want of jurisdiction, and dismiss appellant's motions as moot.

The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2); *see also Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case." TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West Supp. 2015); *see also Queen v. State*, 212 S.W.3d 619, 620 (Tex. App.—Austin 2006, no pet.). "Articles 46B.005 and 46B.054 provide that if incompetence is not contested and is shown by the evidence, a trial is unnecessary and instead the trial court is to proceed as if a jury had found the defendant incompetent to stand trial." *Queen*, 212 S.W.3d at 620 (citing Articles 46B.005(c) and 46B.054). However, "[n]either the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or

ruling under Article 46B.005." TEX. CODE CRIM. PROC. ANN. art. 46B.011 (West Supp. 2015); *see also Queen*, 212 S.W.3d at 620–21.

The clerk's record, filed in this Court, confirms that the trial court's March 3, 2016 order, finding that appellant is presently not competent to stand trial, was a determination or ruling under Article 46B.005. Thus, we lack jurisdiction over this interlocutory appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.011; *see also Queen*, 212 S.W.3d at 620–21.

## CONCLUSION

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).