

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00079-CR
_____

MARK ALAN JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 11,712, Honorable Curt W. Brancheau, Presiding

March 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Mark Alan Jackson attempts to appeal the trial court's judgment finding him incompetent to stand trial and committing him to a mental health facility pursuant to article 46B of the Texas Code of Criminal Procedure. We dismiss the appeal for want of jurisdiction.

Appellant was indicted for aggravated assault by use of a deadly weapon.[1] On February 20, 2019, the trial court issued an "Amended Judgment – Defendant Incompetent With a Probability of Recovery." The trial court determined that appellant was mentally incompetent to stand trial and ordered his commitment to a mental health facility for competency restoration for a period not to exceed 120 days. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.005(b), 46B.073 (West 2018). Appellant timely filed this appeal.

Generally, this court only has jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.— Fort Worth 1996, no writ) (per curiam). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

The trial court's judgment finding appellant incompetent and temporarily committing him to a mental health facility for competency restoration is not a judgment of conviction. Further, there is no statutory or constitutional provision allowing an interlocutory appeal from such an order. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.011 (West 2018) ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State,* 212 S.W.3d 619, 622-23 (Tex. App.—Austin 2006, no pet.) (holding that an order temporarily committing a defendant for competency restoration is an interlocutory order and

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

dismissing appeal for want of jurisdiction).  Therefore, we lack jurisdiction over this interlocutory appeal.

The appeal is dismissed for want of jurisdiction.

Per Curiam

Do not publish.