**Opinion issued August 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01044-CR

————————————

**JAMES RAY JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1600286**

---

## MEMORANDUM OPINION

Proceeding pro se, appellant, James Ray Johnson, attempts to appeal from the

trial court's order granting a motion for a psychiatric examination in the trial court

proceeding.[1] We dismiss the appeal.

The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute. *See* TEX. CODE CRIM. PROC. art. 44.02; *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). A court of appeals does not have jurisdiction to review an interlocutory order in a criminal case unless jurisdiction has been expressly granted by statute. *See Ragston*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (explaining appeals "in a criminal case are permitted only when they are specifically authorized by statute"). In this case, appellant attempts to appeal the trial court's interlocutory order requiring an examination to determine if appellant was incompetent to stand trial. "Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005." TEX. CODE CRIM. PROC. ANN. art. 46B.011; *see Queen v. State*, 212 S.W.3d 619, 622 (Tex. App.—Austin 2006, no pet.); *see, e.g.*, *Palmer v. State*, No. 01-18-00367-CR, 2018 WL 2925712, at *1 (Tex. App.—Houston [1st Dist.] June 12, 2018, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal of trial court's order granting motion for psychiatric evaluation).

Additionally, the trial court has dismissed the case based upon appellant's

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(a).

2

conviction in another case. Accordingly, there is no judgment of conviction, only an order of dismissal. We do not have jurisdiction to consider an appeal of a dismissal order. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961) (dismissing appeal of judgment discharging appellant because it was not judgment of conviction); *see, e.g.*, *Meeks v. State*, Nos. 14-14-00497-CR, 14-14-00581-CR, 2014 WL 3843821, at *1 (Tex. App.—Houston [14th Dist.] Aug. 5, 2014, no pet.) (mem. op., not designated for publication) (determining court was without jurisdiction when appellant filed notice of appeal of order dismissing case because appellant had been convicted in another case); *Ballard v. State*, Nos. 01-08-00947-CR, 01-08-00948-CR, 2009 WL 3248197, at *1 (Tex. App.—Houston [1st Dist.] Oct. 8, 2009, no pet.) (mem. op., not designated for publication) (explaining court had no jurisdiction "cause is finally disposed of by a judgment of dismissal and there is no judgment of conviction").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).