Opinion filed January 13, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00198-CV

_____

## IN RE COMMITMENT OF V.S. A/K/A V.S., JR.

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 23086-B**

## MEMORANDUM OPINION

V.S. a/k/a V.S., Jr. is currently under indictment for the repeated violation of a protective order. *See* TEX. PENAL CODE ANN. § 25.07 (West Supp. 2021); TEX. CODE CRIM. PROC. ANN. art. 17.292 (West Supp. 2021). After Appellant was determined to be incompetent to stand trial, he filed a pro se notice of appeal from the trial court's interlocutory judgment of incompetency. We dismiss the appeal.

As conceded in the brief filed by Appellant's counsel and asserted by the State in its motion to dismiss this appeal, we have no jurisdiction over an interlocutory appeal relating to a determination of a defendant's competency to stand trial. *See Queen v. State*, 212 S.W.3d 619, 622–23 (Tex. App.—Austin 2006, no pet.); *see*

*also* CRIM. PROC. arts. 46B.005, .011 (West 2018). Article 46B.011 specifically provides: "Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005 [Determining Incompetency to Stand Trial]." The judgment of incompetency from which Appellant filed a pro se notice of appeal is an interlocutory determination of incompetency made by the trial court pursuant to Article 46B.005 and, therefore, is not appealable at this time.[1] *Queen*, 212 S.W.3d at 622–23.

Although Appellant's counsel concedes that this court lacks jurisdiction to conduct an interlocutory review of the trial court's finding of incompetence, he requests that we review the trial court's rulings with respect to the order of inpatient treatment and the issue of bail. These matters, however, relate to the trial court's ruling under Article 46B.005 and, therefore, are not appealable. *See id.* at 623 (holding that the court of appeals had no jurisdiction but suggesting that these matters may be addressed in an application for writ of habeas corpus).

We grant the State's motion to dismiss, and we dismiss this appeal for want of jurisdiction.

W. STACY TROTTER
JUSTICE

January 13, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that this is not an appeal from a civil commitment order issued under Chapter 46B, subchapter E. *See* CRIM. PROC. arts. 46B.102(d)(3), .103(d)(3) (authorizing certain appeals from a commitment order that stems from a criminal proceeding); *see also In re Commitment of J.A.A.*, No. 11-20-00142-CV, 2021 WL 4097085, at *1 (Tex. App.—Eastland Sept. 9, 2021, no pet.) (mem. op.); *Queen*, 212 S.W.3d at 622–23.