

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00056-CR

_____

GABRIEL P. SALAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1595686

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Gabriel P. Salas filed a pro se[1] notice of appeal in trial court cause number 1595686, in which he is charged with obstruction or retaliation.[2] We dismiss the appeal for lack of jurisdiction.

The trial court's most recent order found Salas incompetent to stand trial and ordered that he undergo jail-based competency restoration services. *See* Tex. Code Crim. Proc. arts. 46B.005, 46B.091. We do not have jurisdiction over an appeal from such an order. *See id.* art. 46B.011; *Queen v. State*, 212 S.W.3d 619, 622 (Tex. App.—Austin 2006, no pet.); *see also Rodriguez v. State*, No. 02-15-00304-CR, 2015 WL 7008141, at *1 (Tex. App.—Fort Worth Nov. 12, 2015, no pet.) (mem. op., not designated for publication). Salas does not appear to challenge that order in his appeal, however. Instead, his notice of appeal states that "it appears that on 2-14-22 they committed double jeopardy by dismissing my 3 cases of obstruction."

The notice of appeal refers to an attached inmate "Request for Services" form. In that form, Salas had requested that the District Attorney's office provide him with

---

[1]Salas currently has an attorney appointed to represent him in the trial court, but that attorney has filed a motion to withdraw.

[2]The trial court's docket indicates that Salas was indicted in this case approximately three years ago. Salas has filed several pro se speedy trial motions, but it does not appear that the trial court has ruled on any of those pro se motions. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (holding trial court was not required to consider the appellant's pro se motions because appellant was represented by counsel). The trial court has, however, rendered a series of orders relating to psychiatric examinations of Salas.

certain information, including information about the status of his case and "when [his] charges of obstruction were dropped." At the bottom of the form, under a section with the heading "Action Taken," someone had written, "dismissed charges 3) obstruction or retaliation on 02/14/2022."[3] Salas's notice of appeal asks this court to "please investigate and file appeal for case # 1595686" and to verify if the case was dismissed.[4]

The Request for Services form, however, is not a trial court order. Because a final judgment or an appealable order is necessary for this court to obtain jurisdiction, we notified Salas of our concern that his appeal was premature. *See* Tex. R. App. P. 26.2(a), 27.1(b); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We cautioned him that we would dismiss the appeal for want of jurisdiction unless, within ten days, he or any other party furnished this court with a signed copy of a final judgment or an appealable order. *See* Tex. R. App. P. 44.3. We

---

[3]A review of the trial court's docket does not indicate that any charge or charges under this cause number have been dismissed. Further, the clerk of this court has confirmed with the trial court clerk that cause number 1595686 is still pending and that the handwritten note on the Request for Services form was not made by trial court personnel.

[4]To the extent that Salas's notice of appeal is actually an attempted application for a pretrial writ of habeas corpus, we have no jurisdiction to consider it. *See* Tex. Gov't Code Ann. § 22.221(d); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding); *see also Sark v. State*, No. 2-05-400-CR, 2005 WL 3436395, at *1 n.2 (Tex. App.—Fort Worth Dec. 15, 2005, no pet.) (mem. op.; not designated for publication). That power rests with the Court of Criminal Appeals, district courts, and county courts. *See* Tex. Code Crim Proc. art. 11.05.

have not received a response. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 14, 2022