

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00712-CR

Vanessa Lopez **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR7897
Honorable Andrew Carruthers, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: December 21, 2022

APPEAL DISMISSED FOR WANT OF JURISDICTION

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding); *see* TEX. CODE CRIM. PROC. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . .."). Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal

appeal absent express statutory authority. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Here, appellant filed a notice of appeal from the trial court's Agreed Judgment of Incompetency under which appellant was committed to a facility pursuant to Texas Code of Criminal Procedure 46B.073 for a period not to exceed 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial." We lack jurisdiction over such appeals. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Grant v. State*, No. 01-21-00340-CR, 2021 WL 4780066, at *1 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, pet. ref'd) (per curiam) (mem. op., not designated for publication) (concluding "trial court's judgment finding appellant incompetent and temporarily committing him to a mental health facility for competency restoration is not a judgment of conviction" and "there is no statutory provision allowing an interlocutory appeal from such an order"); *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (concluding "the legislature did not intend to allow interlocutory appeals from orders of temporary commitment made after a determination of incompetence but before a subchapter E proceeding").

Because it appeared we lack jurisdiction over this appeal, on November 7, 2022, we ordered appellant to show cause in writing no later than November 22, 2022, why this appeal should not be dismissed for want of jurisdiction. Our order cautioned appellant that if she failed to respond by November 22, 2022, this appeal would be subject to dismissal for want of jurisdiction. Appellant has not responded. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish