# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-22-00682-CR
NO. 03-22-00686-CR

**In re Jason Eric Lenderman**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Appellant Jason Eric Lenderman pleaded guilty on October 17, 2022 to possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.115(d). He has not yet been sentenced. He has filed two applications for writ of habeas corpus contending that he received ineffective assistance of counsel during the plea proceedings, that his guilty plea was involuntary, that his due process rights were violated, that the trial court "simply ignored" his motion to suppress, and that evidence in the case has been "severely tainted." He asks that we "remove" his guilty plea, order an evidentiary hearing, and allow him to proceed to trial.

"The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law." *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, no pet.); *see* Tex. Const. art. V, § 6. Our original jurisdiction to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Tex. Gov't Code § 22.221(d);

*In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). Consequently, we lack original habeas corpus jurisdiction in criminal matters.[1] *Braswell*, 630 S.W.3d at 601–02; *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.); *see Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only.").

Accordingly, we dismiss the proceedings for want of jurisdiction.[2]

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: December 23, 2022

Do Not Publish

---

[1] "Only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Texas., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (quoting *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *see* Tex. Code Crim. Proc. art. 11.07 § 3 (providing that post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to CCA).

[2] In addition, all pending motions are dismissed as moot.