

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00590-CR

Serena Michelle **JOSEPH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR11216
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: December 18, 2024

DISMISSED FOR LACK OF JURISDICTION

The clerk's record in this appeal reflects that on April 10, 2024, the trial court signed an Agreed Judgment of Incompetency pursuant to chapter 46B of the Texas Code of Criminal Procedure. In the Agreed Judgment of Incompetency, the trial court found Serena Joseph incompetent to stand trial and committed her to a facility designated by the local mental health authority for a period not to exceed 120 days. *See* TEX. CODE CRIM. PROC. art. 46B.073. On July 8, 2024, Joseph filed a notice of appeal stating her intent to appeal her sentence that was imposed on July 2, 2024. On September 3, 2024, Joseph filed another notice of appeal again stating her

desire to appeal from her sentence that was imposed on July 2, 2024. However, no judgment imposing sentence against Joseph is contained within the clerk's record.

Generally, we have jurisdiction only to consider an appeal by a criminal defendant where there has been a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.— Fort Worth 1996, no pet.) (per curiam). We do not have jurisdiction to review interlocutory orders, or other orders, unless that jurisdiction has been expressly granted by law. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Here, as noted, there is no judgment of conviction contained within the clerk's record.

Further, the trial court's agreed judgment committing Joseph to a mental health facility is not a judgment of conviction, and there is no statutory provision allowing an interlocutory appeal from the judgment committing Joseph to a mental health facility. *See* TEX. CODE CRIM. PROC. art. 46B.011 (proving that neither the State nor the defendant is entitled to make an interlocutory appeal relating to a competency determination); *Queen v. State*, 212 S.W.3d 619, 622-23 (Tex. App.— Austin 2006, no pet.) (holding that an order committing a defendant for competency restoration is an interlocutory order and dismissing appeal for lack of jurisdiction).

Because it appeared we lacked jurisdiction over this appeal, on October 25, 2024, we ordered Appellant Serena Joseph to show cause on or before November 25, 2024 why this appeal should not be dismissed for lack of jurisdiction. Appellant Serena Joseph has not filed a response to our order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH