

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00336-CR

Michael Adam **KOZITSKI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR012870
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:  Adrian A. Spears II, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: July 30, 2025

DISMISSED FOR LACK OF JURISDICTION

The clerk's record in this appeal reflects that on April 15, 2025, the trial court signed an Agreed Judgment of Incompetency pursuant to article 46B.073 of the Texas Code of Criminal Procedure. In the Agreed Judgment of Incompetency, the trial court found Appellant Michael Adam Kozitski incompetent to stand trial and committed him to a facility designated by the Health and Human Services Commission for a period not to exceed 120 days. *See* TEX. CODE CRIM. PROC. art. 46B.073. On May 28, 2025, appellant filed a pro se notice of appeal.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding); *see* TEX. CODE CRIM. PROC. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Here, there is no judgment of conviction contained within the clerk's record, and appellant indicates in his notice of appeal that the underlying cause has not gone to trial.

Further, the trial court's April 15, 2025 agreed judgment committing appellant to a mental health facility is not a judgment of conviction, and there is no statutory provision allowing an interlocutory appeal from the judgment committing appellant to a mental health facility. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State*, 212 S.W.3d 619, 622-23 (Tex. App.—Austin 2006, no pet.) (holding that an order committing a defendant for competency restoration is an interlocutory order and dismissing appeal for lack of jurisdiction).

On June 5, 2025, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On June 18, 2025, he filed a letter but did not show in that letter how we have jurisdiction over this appeal. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH