

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00642-CR

Shelton Ray **DAVISON,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CR-006485
Honorable Liza Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: December 10, 2025

DISMISSED FOR LACK OF JURISDICTION

The clerk's record reflects that on May 29, 2025, appellant was indicted in district court with theft of property less than $2,500, which was enhanced with previous convictions. On September 11, 2025, appellant's trial counsel filed a "Motion Suggesting Incompetency and Request for Examination," which (1) suggested appellant was incompetent, (2) requested disinterested experts be appointed as provided by article 46B of the Texas Code of Criminal Procedure to examine appellant with regard to his competency to stand trial, and (3) in the event

the trial court determined there was evidence to support a finding of incompetency, hold an incompetency trial pursuant to article 46B. On September 12, 2025, the trial court signed an order referring the matter to the criminal law magistrate court for the scheduling of a competency evaluation and further proceedings. On October 7, 2025, appellant filed a pro se notice of appeal.

The trial court's order referring the issue of appellant's competency to the criminal law magistrate is not an appealable interlocutory order. We generally do not have jurisdiction to consider an appeal in a criminal case unless a judgment of conviction has been rendered. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Here, there is no judgment of conviction contained within the clerk's record.

Further, we note that even if the clerk's record demonstrated the magistrate judge had ruled on appellant's competency, there is no statutory provision allowing an interlocutory appeal from a judgment committing a person to a mental health facility. *See* TEX. CODE CRIM. PROC. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State*, 212 S.W.3d 619, 622-23 (Tex. App.—Austin 2006, no pet.) (holding that an order committing a defendant for competency restoration is an interlocutory order and dismissing appeal for lack of jurisdiction).

We therefore ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. We dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH